## In the Court of Common Pleas of Schuylkill County.

## YUENGLING v. THE COUNTY COMMISSIONERS.

Mandamus will not lie where there is an adequate remedy at law.

The Court will not restrain by mandamus an alleged illegal increase of assessment of property for taxable purposes, the Act of Assembly of 10 May, 1871, providing a full and adequate remedy by appeal.

Opinion delivered January 25, 1875, by

GREEN, J. This is a proceeding by petition for a mandamus against the defendants to compel them to reduce the assessments of certain property owned by the complainant from one hundred thousand dollars to sixty thousand dollars. This is asked for upon the ground that the property had been assessed at the latter amount, of which the complainant had notice, and that upon the day of hearing appeals from assessments, the Commissioners had raised the valuation to an hundred thousand dollars, without notice to him, and after their authority to revise had been already exercised, and was therefore exhausted.

The question that meets us at the very threshold of this case is whether the complainant has chosen his proper remedy. It is clear that if he has an ample remedy at law, then the writ of mandamus must be denied him. This is familiar law, (several authorities cited).

Has the complainant a remedy at law? The defendants contend that he has and that the act of Assembly, passed 10th May, 1871, pamphlet Laws of 1871, page 665, gives him a specific and adequate remedy, and that this remedy being provided by statute, must be pursued, and no other. The act of 1806 enacts whenever a remedy is provided or a duty enjoined, or anything is to be done by an act of Assembly, the directions

of the act shall be strictly pursued. The act of 1871 provides "that any freeholders of the county of Schuylkill, &c., or owner of property in said counties, who may feel aggrieved by any assessment of the property of such freeholder or owner, and be dissatisfied with the decision of the Commissioners of the county upon an appeal made to them from the said assessment, may appeal from the decision of the said Commissioners to the Court of Common Pleas of said county, and for that purpose may present to the said court at the next term thereof after the said Commissioners shall have informed such freeholder or owner of their decision, a petition setting forth the facts of the case," and then, after due notice to the Commissioners, the Court, upon hearing, may either affirm or reduce the assessment complained of.

The complainant contends that the act does not make provision for his case because he did not feel aggrieved by the assessment of his property, and made no appeal to the Commissioners of the county, and that the act of the Commissioners in raising the assessment was not based upon an appeal to them, but was arbitrary, and *ultra vires*, and that therefore he has no other remedy except by mandamus.

If this case were one of first impression there might be some doubt whether the act of 1871 did apply to a case where no appeal from the assessment as fixed by the assessor had been made to the Commissioners. But under the decisions made in Kimber v. Schuylkill County and Silver v. the same, 8 Harris 366 and 369, and Hughes v. Kline, et al., 6 Casey, 227, I think that there can be no doubt that the complainant may avail himself of the remedy of appeal provided by the act of 1871, just cited, and that therefore the remedy of mandamus will not lie. In the cases of Kimber and Silver v. the County of Schuylkill, the undisputed facts of the case were an assessment of lands by the assessor, with which the owners were satisfied, a day of appeal fixed which they did not attend, after the day of appeal a raising of the assessment of the land by the Commissioners, without notice of the owners, and after a demand for the payment of tax by the tax-collector, which was the first notice the owners had of the increased assessment, an appeal by the owners to the Court of Common Pleas, under an act of Assembly passed 26 April, 1850, Pamphlet Laws 1850, p. 627-8. The appeal was dismissed and the case carried to the Supreme Court. The facts in these cases show the exercise of a more arbitrary power than in the present case, the first notice of the increased assessment in them being the demand of the tax collector for his taxes. It was decided that the party had his remedy by appeal under the act of 1850, and instead of dismissing an appeal taken in time the Court of Common Pleas was ordered to proceed and to hear and *finally* determine the case. The appeal being thus reinstated in the court below, it was heard and the assessment made

by the Commissioners was sustained. Subsequently when the attempt was made to collect the taxes by selling the land at tax sale, Hughes, alienee of Silver, filed a bill in equity, asking for an injunction to prevent the sale on account of the alleged illegal assessment by the Commissioners. The Court below granted the injunction, but the Supreme Court reversed the decision of the Court below. This was done upon the ground that the complainants remedy was by appeal under the act of 1850, and that all other remedies were taken away. Says Judge Thompson in this case, delivering the opinion of the Court, "interrogatories being specially put, their answers exhibited the fact of the original assessment, that no objection was made to it by the owners; that the assessment was raised by the County Commissioners, &c. Upon bill and answer then the case went before the court. There is no allegation in the bill that the land was not subject to taxation. The complaint was as to the amount of taxes, and to get rid of that, the manner of assessment was objected to. The Common Pleas had jurisdiction of all this under the act of 1850; they heard the case upon these allegations, and their decision was final and conclusive on the appellees in this case." Further on it is said: "Wherever this power of revision of assessments is reposed, its action is to be final and conclusive, whether it be the Act of a Court specially authorized or that of the County Commisssioners. To such tribunals constituted for the purpose, parties dissatisfied on account of excessive taxation must appeal. The act of 1806 enacts that whenever a remedy is provided or a duty enjoined or anything is to be done by any Act of Assembly, the direction of the acts shall be strictly pursued. The bill in equity in this we think, contravenes these provisions. It does not complain of want of jurisdiction in the officers to levy and assess taxes on the lands in question, or that these lands were not the subject of taxation and liable to be sold for taxes, but against the regularity by raising the valuation, and the consequent increase of the taxes. This was within the jurisdiction of the Common Pleas, and if the remedy for correction had been attempted by bill in equity in the first instance it would have availed nothing, as the Court would have had no jurisdiction for the purpose sought to be obtained by this bill, there being a special remedy by statute." Hughes v. Kline et al, 6 Casey, 227.

In these cases it is very evident that the proper remedy was by appeal under the act of 1850. But there is no essential difference between the act of 1850 and the act of 1871. The one is almost a literal transcript of the other. The act of 1850 provides "that any freeholder of the county of Schuylkill, or owner of property in said county, who may feel aggrieved by the assessment of the property of such freeholder or owner, and be dissatisfied with the decision of the Commissioners of the county, upon an appeal to them made from the said assessment, may ap-

peal from the decision of the said Commissioners to the Court of Common Pleas of said county, and for that purpose may present to the Court, &c.," a petition, &c. If the decisions of the Supreme Court which we have cited are to stand, it necessarily follows that the remedy by mandamus will not lie in this case, but that the proper remedy is the one prescribed by the act of Assembly of 1871, and that therefore this petition must be dismissed, and the mandamus refused, at the costs of the complainant.